Alyssa Koepfgen
Katelyn Kinn
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PUGET SOUNDKEEPER ALLIANCE,      )
                                 )
                Plaintiff,       )
                                 )
v.                               )
                                 )          COMPLAINT
                                 )
PACIFIC STEEL GROUP dba PACIFIC  )
STEEL GROUP CO dba PACIFIC STEEL )
GROUP TACOMA,                    )
                                 )
                Defendant.       )
                                 )
_____)

## I.     INTRODUCTION

1.      This action is a citizen suit brought under Section 505 of the Clean Water Act

("CWA") as amended, 33 U.S.C. § 1365. Plaintiff, Puget Soundkeeper Alliance

("Soundkeeper"), seeks declaratory judgment, injunctive relief, the imposition of civil penalties,

and the award of costs, including attorneys' and expert witnesses' fees, for Defendant's, Pacific

Steel Group, dba Pacific Steel Group Co., dba Pacific Steel Group Tacoma ("Pacific Steel"),

repeated and ongoing violations of the terms and conditions of its National Pollutant Discharge

COMPLAINT - 1

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Elimination System ("NPDES") permit authorizing certain stormwater discharges of pollutants from Pacific Steel's facility in Tacoma, Washington to navigable waters.

## II.      JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction over Soundkeeper's claims under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). Sections 309(d) and 505(a) and (d) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a) and (d), authorize the relief Soundkeeper requests.

3.      Under Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Soundkeeper notified Pacific Steel of its violations of the CWA and of Soundkeeper's intent to sue under the CWA by letter dated and postmarked August 18, 2023 ("Notice Letter"). A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. In accordance with section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(1), Soundkeeper notified the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region 10, and the Director of the Washington Department of Ecology ("Ecology") of its intent to sue Pacific Steel by mailing copies of the Notice Letter to these individuals on August 18, 2023.

4.      At the time of the filing of this Complaint, more than sixty days have passed since the Notice Letter and copies thereof were issued in the manner described in the preceding paragraph.

5.      The violations complained of in the Notice Letter are continuing and/or are reasonably likely to re-occur.

COMPLAINT - 2

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

6. At the time of the filing of this Complaint, neither the EPA nor Ecology has commenced any action constituting diligent prosecution to redress the violations alleged in the Notice Letter.

7. The source of the violations complained of is in Pierce County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), and 28 U.S.C. § 1391(b).

### III.   PARTIES

8. Soundkeeper is suing on behalf of itself and its members.

9. Soundkeeper is a non-profit corporation organized under the laws of the state of Washington. Soundkeeper is dedicated to protecting and preserving the environment of Washington State, especially the quality of its waters. Soundkeeper is a membership organization and has at least one member who is injured by Pacific Steel's violations.

10. Soundkeeper has representational standing to bring this action. Soundkeeper's members are reasonably concerned about the effects of discharges of pollutants, including stormwater from Pacific Steel's facility, on water quality and aquatic species and wildlife that Soundkeeper's members observe, study, use, and enjoy. Soundkeeper's members are further concerned about the effects of discharges from Pacific Steel's facility on human health. In addition, discharges from Pacific Steel's facility lessen Soundkeeper's members' aesthetic enjoyment of nearby areas. Soundkeeper has members who live, work, fish, and recreate around or use the Blair and Hylebos Waterways and Commencement Bay which are affected by Pacific Steel's discharges. Soundkeeper's members' concerns about the effects of Pacific Steel's discharges are aggravated by Pacific Steel's failure to record and timely report information about

COMPLAINT - 3

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

its discharges and pollution controls in a timely manner. The recreational, scientific, economic, aesthetic, and/or health interests of Soundkeeper and its members have been, are being, and will be adversely affected by Pacific Steel's violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

11.     Soundkeeper has organizational standing to bring this action. Soundkeeper has been actively engaged in a variety of educational and advocacy efforts to improve water quality and to address sources of water quality degradation in the waters of Western Washington, including the Blair and Hylebos Waterways and Commencement Bay. As detailed herein and in the Notice Letter, Pacific Steel has failed to comply with numerous requirements of its NPDES permit including completing corrective actions, compliance with water quality standards and sampling requirements, Stormwater Pollution Prevention Plan maintenance, monitoring, recordkeeping, and permit violation reporting requirements. As a result, Soundkeeper is deprived of information necessary to properly serve its members by providing information and taking appropriate action to advance its mission. Soundkeeper's efforts to educate and advocate for greater environmental protection, and to ensure the success of environmental restoration projects implemented for the benefit of its members are also obstructed. Finally, Soundkeeper and the public are deprived of information that influences members of the public to become members of Soundkeeper, thereby reducing Soundkeeper's membership numbers. Thus, Soundkeeper's organizational interests have been adversely affected by Pacific Steel's violations. These injuries are fairly traceable to Pacific Steel's violations and are redressable by the Court.

12.     Pacific Steel is a corporation authorized to conduct business under the laws of the state of Washington.

COMPLAINT - 4

13.     Pacific Steel owns and operates a fabricated structural metal manufacturing facility and is located at or about 401 E Alexander Avenue, Suite 407, Tacoma, WA 98421 (referred to herein as the "facility").

### IV.     LEGAL BACKGROUND

14.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. A discharge of a pollutant from a point source to waters of the United States without authorization by a NPDES permit, issued under Section 402 of the CWA, 33 U.S.C. § 1342, is prohibited.

15.     The state of Washington has established a federally approved state NPDES program administered by Ecology. Wash. Rev. Code § 90.48.260; Wash. Admin. Code ch. 173-220. This program was approved by the Administrator of the EPA pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b).

16.     Under Section 402 of the CWA, 33 U.S.C. § 1342, Ecology has repeatedly issued iterations of the Industrial Stormwater General Permits, most recently on November 20, 2019, effective January 1, 2020, and set to expire December 31, 2024 (the "2020 ISGP Permit"). The previous permit was issued December 3, 2014, became effective January 2, 2015, and expired December 31, 2019 (the "2015 ISGP Permit"). The 2015 ISGP Permit and 2020 ISGP Permit (collectively, "the Permit"), contain substantially similar requirements and authorize those that obtain coverage thereunder to discharge stormwater associated with industrial activity, a pollutant under the CWA, and other pollutants contained in the stormwater to waters of the United States subject to certain terms and conditions.

17.     The Permit imposes certain terms and conditions on those covered thereby, including requirements for monitoring and sampling of discharges, reporting and recordkeeping

COMPLAINT - 5

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

requirements, and restrictions on the quality of stormwater discharges. To reduce and eliminate pollutants in stormwater discharges, the Permit requires, among other things, that permittees develop and implement best management practices ("BMPs") and a Stormwater Pollution Prevention Plan ("SWPPP"), and apply all known and reasonable methods of prevention, control, and treatment ("AKART") to discharges. The specific terms and conditions of the Permit are described in detail in the Notice Letter, attached hereto as <u>Exhibit 1</u> and incorporated herein by this reference.

### V.    FACTS

18.    Ecology granted Pacific Steel coverage for the facility under the 2020 ISGP Permit under Permit number WAR309612.

19.    Pacific Steel discharges stormwater and pollutants associated with industrial activity to the Blair and Hylebos Waterways and Commencement Bay.

20.    Pacific Steel's facility is engaged in industrial activities including steel rebar fabrication, among others. Pacific Steel t's facility has multiple distinct points of discharge where stormwater and other pollutants leave the facility and eventually enter the Blair and Hylebos Waterways and Commencement Bay.

21.    Pacific Steel has violated and continues to violate the "effluent limitations and standards" under the CWA by violating its NPDES Permit. 33 U.S.C. § 1365(f). Pacific Steel's violations of the Permit are set forth in sections I through VIII of the Notice Letter attached hereto as <u>Exhibit 1</u> and are incorporated herein by this reference. In particular, and among the other violations described in the Notice letter, Pacific Steel has violated the Permit by failing to comply with water quality standards, failing to comply with AKART standards, failing to prepare and implement an adequate SWPPP, failing to implement BMPs to control water quality,

COMPLAINT - 6

failing to collect quarterly samples, failing to analyze quarterly samples, failing to correctly and timely submit Discharge Monitoring Reports ("DMRs"), failing comply with visual monitoring requirements, failing to implement corrective actions, failing to correctly and timely submit annual reports, failing to record information, failing to retain records, and failing to report Permit violations.

22.     Pacific Steel discharges stormwater from the facility containing levels of pollutants that exceed the benchmark values established by the Permit, including the days on which Pacific Steel collected samples with the results identified in Table 1, and is likely to continue discharging comparably unacceptable levels of pollutants in its stormwater:

**Table 1: Benchmark Exceedances**

| Quarter in which sample was collected | Turbidity (Benchmark: 25 NTU) | Copper (Benchmark: 14 µg/L) | Zinc (Benchmark: 117 µg/L) | Lead (Benchmark: 64.6 µg/L) | Oil Sheen (Benchmark: No) |
|---|---|---|---|---|---|
| First Quarter 2021 | 61.1 | 90.3 | 991 | 425 | Yes |
| Second Quarter 2021 | | 152 | 1590 | 1030 | |
| Third Quarter 2021 | 77.9 | 256 | 2240 | 1280 | |
| First Quarter 2022 | 97.5 | 97.6 | 590 | 449 | |
| Second Quarter 2022 | 96.6 | 119 | 1000 | 450 | |
| Fourth Quarter 2022 | 104 | 175 | 1100 | 442 | |
| First Quarter 2023 | 53.1 | 629 | 4250 | 2910 | |
| Second Quarter 2023 | 344 | 692 | 4370 | 2510 | |

23.     The stormwater monitoring data provided in Table 1 shows benchmark exceedances included in the stormwater monitoring results that Pacific Steel submitted to Ecology.

COMPLAINT - 7

24.     Pacific Steel's stormwater discharges are causing or contributing to violations of water quality standards and therefore violate Permit Condition S10.A. Discharges from Pacific Steel's facility contribute to the polluted conditions of the waters of the state, including the water quality standards of the Blair and Hylebos Waterways and Commencement Bay. Discharges from Pacific Steel's facility contribute to the ecological impacts that result from the pollution of these waters and to Soundkeeper and its members' injuries resulting therefrom. These requirements and Pacific Steel's violations thereof are described in detail in section I.A of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and incorporated herein by this reference.

25.     Pacific Steel's exceedances of the benchmark values indicate that Pacific Steel is failing to apply AKART to its discharges and is failing to implement an adequate SWPPP and BMPs. Pacific Steel violated and continues to violate Permit Conditions S10 and S3 by not developing, modifying, and/or implementing BMPs in accordance with the requirements of the Permit, and/or by not applying AKART to discharges from the facility. These requirements and Pacific Steel's violations thereof are described in detail in section I.B and section II of the Notice Letter, attached as <u>Exhibit 1</u>, and incorporated herein by this reference.

26.     Pacific Steel has violated and continues to violate the monitoring requirements of the Permit, Conditions S3.B.5, S4.B, S5, S7, and S9.B. Pacific Steel has failed to sample its stormwater discharges once during every calendar quarter at each distinct point of discharge offsite except for substantially identical outfalls. Pacific Steel failed to analyze stormwater samples for the required parameters. Pacific Steel failed to submit DMRs by the prescribed deadline in Permit Condition S9. Pacific Steel failed to comply with visual monitoring requirements required by Permit Condition S7 by failing to conduct Industrial Stormwater Monthly Inspection Reports by qualified personnel each and every month for the last five years.

COMPLAINT - 8

Pacific Steel's violations of the Permit's monitoring requirement are described in sections II and III of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and incorporated herein by this reference. All these violations are reasonably likely to recur.

27.     Pacific Steel triggered Level One Corrective Action requirements for each benchmark exceedance identified in Table 1 above. Pacific Steel has violated the requirements of Permit Condition S8.B by failing to conduct Level One Corrective Action requirements in accordance with the Permit's conditions, including the required inspection to investigate the cause; review, revision, and certification of the SWPPP; the required implementation of additional BMPs; and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, including the benchmark exceedances listed in Table 1 above. These Corrective Action requirements and Pacific Steel's violations thereof are described in section IV.A of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference. These violations are reasonably likely to recur.

28.     Pacific Steel triggered Level Two Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any two quarters of a calendar year. Pacific Steel has violated the requirements of Permit Condition S8.C by failing to conduct a Level Two Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional structural source control BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, for any two quarters during a calendar year, including the benchmark exceedances listed in Table 1 above. These violations include Pacific Steel's failure to perform

COMPLAINT - 9

Level Two Corrective Action requirements for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2021; and failure to fulfill these obligations for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2022. These corrective action requirements and Pacific Steel's violations thereof are described in section IV.B of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

29.     Pacific Steel triggered Level Three Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any three quarters of a calendar year. Pacific Steel has violated the requirements of Permit Condition S8.D by failing to conduct a Level Three Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required preparation and submission of an engineering report describing additional treatment BMPs, the required submission of an Operation and Maintenance Manual, the required implementation of additional treatment BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, for any three quarters during a calendar year, including the benchmark exceedances listed in Table 1 above. These violations include Pacific Steel's failure to perform Level Three Corrective Action requirements for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2021; and failure to fulfill these obligations for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2022. These corrective action requirements and Pacific Steel's violations thereof are described in section IV.C of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

COMPLAINT - 10

30.     Pacific Steel has failed and continues to fail to comply with the requirements of Permit Condition S9 to submit an accurate and complete annual report which includes corrective action documentation. This includes failure to include required information, including a description of additional BMPs implemented as part of corrective actions, in the annual reports submitted by Pacific Steel for 2021 and 2022. Pacific Steel's violations of these requirements are described in section V of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

31.     Pacific Steel has failed and continues to fail to comply with recordkeeping requirements of Permit Condition S4.B and S9.D. Pacific Steel does not record and retain specified information for each stormwater sample taken, including the sample date and time, a notation describing if Pacific Steel collected the sample within the first 30 minutes of stormwater discharge event, an explanation of why Pacific Steel could not collect a sample within the first 30 minutes of a stormwater discharge event, the sample location, method of sampling and of preservation, and the individual performing the sampling, as required by the Permit Condition. These requirements and Pacific Steel's violations thereof are described in section VI of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

32.     Pacific Steel has failed and continues to fail to comply with record keeping requirements of Permit Condition S9.D. Pacific Steel does not retain for a minimum of five years a copy of the current Permit, a copy of Pacific Steel's coverage letter, records of all sampling information, inspection reports including required documentation, any other documentation of compliance with permit requirements, all equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory

COMPLAINT - 11

results, copies of all required reports, and records of all data used to complete the application for the Permit, as required by the Permit Conditions. These requirements and Pacific Steel's violations thereof are described in section VI.B of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference. These violations are reasonably likely to recur.

33.     Conditions S9.F of the Permit require Pacific Steel to take certain actions, including reporting to Ecology, in the event Pacific Steel is unable to comply with any terms and conditions of the Permit which may endanger human health or the environment. Pacific Steel has failed to comply with these requirements of the Permit by failing to report and subsequently correct permit violations, including each and every time Pacific Steel failed to comply with corrective action requirements as described above in paragraphs 27-29, each and every time Pacific Steel failed to sample a stormwater discharge as described above in paragraph 26, and each and every time Pacific Steel discharged stormwater with amounts of pollutants in excess of the Permit benchmarks as described in paragraph 22 above. These violations are reasonably likely to recur.

34.     Pacific Steel failed to provide Soundkeeper a copy of its SWPPP within fourteen days of Soundkeeper's request contained in the Notice Letter, as required by the 2020 Permit Condition S9.G.

## VI.     CAUSE OF ACTION

**NPDES Permit Violations**

35.     The preceding paragraphs and the allegations in the Notice Letter attached hereto as <u>Exhibit 1</u> are incorporated herein.

COMPLAINT - 12

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

36.     Pacific Steel's violations of the Permit described herein and in the Notice Letter constitute violations of violations of "effluent standards or limitations" under the CWA per 33 U.S.C. § 1365(a)(1) and (f)(7).

37.     No agency has taken an enforcement action constitution diligent prosecution or otherwise precluding claims under 33 U.S.C. §§ 1319 or 1365(a).

38.     Prior notice of violations and claims was provided to Pacific Steel and others as required.

39.     These violations committed by Pacific Steel are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the Permit and the CWA which occur after those described in Soundkeeper's Notice Letter, but before a final decision in this action, should be considered ongoing violations subject to this Complaint.

40.     Without the imposition of appropriate civil penalties and the issuance of an injunction, Pacific Steel is likely to continue to violate the Permit and the CWA to the further injury of Soundkeeper, its members, and others.

**VII.   RELIEF REQUESTED**

Wherefore, Soundkeeper respectfully requests that this Court grant the following relief:

A.     Issue a declaratory judgment that Pacific Steel has violated and continues to be in violation of the Permit and the CWA

B.     Enjoin Pacific Steel from operating the facility in a manner that results in further violations of the Permit and the CWA;

C.     Order Pacific Steel to immediately implement a SWPPP that complies with the Permit at the facility;

COMPLAINT - 13

1       D.      Order Pacific Steel to allow Soundkeeper to participate in the development and

2   implementation of Pacific Steel's SWPPP and compliance plan;

3       E.      Order Pacific Steel to provide Soundkeeper, for a period beginning on the date of

4   the Court's Order and running for three years after Pacific Steel achieves compliance with all of

5   the conditions of the Permit, with copies of all reports and other documents which Pacific Steel

6   submits to Ecology regarding Pacific Steel's coverage under the Permit at the facility at the time

7   these documents are submitted;

8       F.      Order Pacific Steel to take specific actions to remediate the environmental harm

9   caused by its violations;

10      G.      Order Pacific Steel to pay civil penalties of $64,618 per day of violation for each

11  violation committed by Pacific Steel, pursuant to Sections 309(d) and 505(a) of the CWA, 33

12  U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19 and 19.4;

13      H.      Award Soundkeeper its litigation expenses, including reasonable attorneys' and

14  expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and any

15  other applicable authorization; and

16      I.      Award such other relief as this Court deems appropriate.

17

18      RESPECTFULLY SUBMITTED this 24th day of October, 2023

19

20                       **Smith & Lowney, PLLC**
    By:      By: *s/Alyssa Koepfgen*

21               Alyssa Koepfgen, WSBA #46773
             By: *s/Katelyn Kinn*

22               Katelyn Kinn, WSBA #42686
             Attorneys for Plaintiff

23               2317 E. John St.,
             Seattle, WA 98112

24               Tel: (206) 860-2124

COMPLAINT - 14

Fax: (206) 860-4187
E-mail: alyssa@smithandlowney.com,
katelyn@smithandlowney.com

COMPLAINT - 15

Smith & Lowney, pllc
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Exhibit 1

# SMITH & LOWNEY
## — PLLC —
### ATTORNEYS AT LAW

August 18, 2023

**Via Certified Mail - Return Receipt Requested**

Pacific Steel Group
dba Pacific Steel Group Co
4805 Murphy Canyon Rd
San Diego, CA 92123-4324

Managing Agent
Pacific Steel Group Tacoma
401 Alexander Avenue East
Suite 407
Tacoma, WA 98421

Re:     **NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT AND REQUEST FOR
        COPY OF STORMWATER POLLUTION PREVENTION PLAN**

Dear Managing Agent:

We represent Puget Soundkeeper Alliance ("Soundkeeper"), 130 Nickerson St. #107, Seattle, WA 98109, (206) 297-7002. Any response or correspondence related to this matter should be directed to us at the letterhead address (Smith & Lowney, PLLC, 2317 E John Street, Seattle, WA 98112). This letter is to provide you with sixty days notice of Soundkeeper's intent to file a citizen suit against Pacific Steel Group, dba Pacific Steel Group Co, dba Pacific Steel Group Tacoma ("Pacific Steel") under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, for the violations described below. This letter is also a request for a copy of the complete and current stormwater pollution prevention plan ("SWPPP") required by Pacific Steel's National Pollution Discharge Elimination System ("NPDES") permit.

Pacific Steel was granted coverage under Washington's Industrial Stormwater General Permit ("ISGP") issued by the Washington Department of Ecology ("Ecology") effective January 1, 2020, and set to expire on December 31, 2024 under NPDES No. WAR309612 (the "Permit") on or about November 10, 2020.

Pacific Steel has violated and continues to violate the CWA (see Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342) and the terms and conditions of the Permit with respect to operations of, and discharges of stormwater and pollutants from, its facility located at or about 401 E Alexander Ave, Suite 407, Tacoma, WA 98421 (the "facility") as described herein, to Inner Commencement Bay via the Blair and Hylebos



waterways. The facility subject to this notice includes any contiguous or adjacent properties owned or operated by Pacific Steel.

## I.      COMPLIANCE WITH STANDARDS

### A.  Violations of Water Quality Standards

Condition S10.A of the Permit prohibits discharges that cause or contribute to violations of water quality standards. Water quality standards are the foundation of the CWA and Washington's efforts to protect clean water. In particular, water quality standards represent the U.S. Environmental Protection Agency ("EPA") and Ecology's determination, based on scientific studies, of the thresholds at which pollution starts to cause significant adverse effects on fish or other beneficial uses. For each water body in Washington, Ecology designates the "beneficial uses" that must be protected through the adoption of water quality standards.

A discharger must comply with both narrative and numeric criteria water quality standards. WAC 173-201A-010; WAC 173-201A-510 ("No waste discharge permit can be issued that causes or contributes to a violation of water quality criteria, except as provided for in this chapter."). Narrative water quality standards provide legal mandates that supplement the numeric criteria.  Furthermore, the narrative water quality standard applies with equal force even if Ecology has established a numeric water quality standard. Specifically, Condition S10.A of the Permit require that Pacific Steel's discharges not cause or contribute to an excursion of Washington State water quality standards.

Pacific Steel discharges to Inner Commencement Bay directly from all outfall locations located at the facility. Pacific Steel discharges stormwater that contains elevated levels of turbidity, copper, zinc, lead, and visible oil sheen, as indicated in the table of benchmark excursions below. These discharges cause and/or contribute to violations of water quality standards for turbidity, copper, zinc, and lead in Inner Commencement Bay and have occurred each and every day during the last five years on which there was 0.1 inch or more of precipitation, and continue to occur.  *See* WASH. ADMIN. CODE §§173-201A-210 (marine water designated uses), (1) (a) and (b) (general criteria that apply to all aquatic life marine water uses), (1)(e) (aquatic life turbidity criteria), (3) (recreational uses), (4) (miscellaneous uses); § 173-201A-240 (toxic substances criteria for copper, zinc, and lead); §173-201A-260 (natural conditions and other water quality criteria and applications); §173-201A-610 (use designations – marine waters); §173-201A-612 (designated uses for Inner Commencement Bay including: salmonid migration and rearing; other fish migration rearing and spawning; clam, oyster, and mussel rearing and spawning; crustaceans and other shellfish rearing and spawning; primary contact recreation; salmonid and other fish harvesting; crustacean harvesting; and miscellaneous uses including wildlife habitat, commerce and navigation, boating, and aesthetics).

2

**Table 1: Benchmark Exceedances**

| Quarter when sample was collected | Turbidity (Benchmark 25 NTU) | Copper (Benchmark 14 µg/L) | Zinc (Benchmark 117 µg/L) | Lead (Benchmark <=117) | Oil Sheen (Benchmark = No) |
|---|---|---|---|---|---|
| Q1 2021 | **61.1** | **90.3** | **991** | **425** | **Yes** |
| Q2 2021 | | **152** | **1590** | **1030** | |
| Q3 2021 | **77.9** | **256** | **2240** | **1280** | |
| Q1 2022 | **97.5** | **97.6** | **590** | **449** | |
| Q2 2022 | **96.6** | **119** | **1000** | **450** | |
| Q4 2022 | **104** | **175** | **1100** | **442** | |
| Q1 2023 | **53.1** | **629** | **4250** | **2910** | |

**B.    Compliance with Standards**.

Condition S10.C of the Permit requires Pacific Steel to apply all known and reasonable methods of prevention, control and treatment ("AKART") to all discharges, including preparation and implementation of an adequate SWPPP and best management practices ("BMPs"). Pacific Steel has violated and continues to violate these conditions by failing to apply AKART to its discharges or to implement an adequate SWPPP and BMPs as evidenced by the elevated levels of pollutants in its discharge indicated in the table above and as described below in this notice of intent to sue.

Condition S1.A of the Permit requires that all discharges and activities authorized be consistent with the terms and conditions of the Permit. Pacific Steel has violated these conditions by discharging and acting inconsistent with the conditions of the Permit as described in this notice of intent to sue.

## II.    STORMWATER POLLUTION PREVENTION PLAN VIOLATIONS

Pacific Steel is in violation of the Permit's SWPPP provisions as follows:

1.  Condition S3.A of the Permit requires Pacific Steel to develop and implement a SWPPP as specified. Condition S3.A.1 of the Permit requires the SWPPP to specify BMPs necessary to provide AKART and ensure that discharges do not cause or contribute to violations of water quality standards.  On information and belief, Pacific Steel has violated these requirements of the Permit each and every day during the last five years and continues to violate them as it has failed to prepare and/or implement a SWPPP that includes AKART BMPs and BMPs necessary to comply with state water quality standards.

2.  Condition S3.A of the Permit requires Pacific Steel to have and implement a SWPPP that is consistent with permit requirements, fully implemented as directed by permit conditions, and updated as necessary to maintain compliance with permit conditions.  On information and belief, Pacific Steel has violated these requirements of the Permit each and  every day during the last five years and continues to violate them because its SWPPP is not consistent with permit requirements, has not been fully implemented and has not been updated as necessary.

3.  The SWPPP fails to satisfy the requirements of Condition S3 of the Permit because it does not adequately describe BMPs.  Condition S3.B.4 of the Permit require that the SWPPP include a description of the BMPs that are necessary for the facility to eliminate or reduce the potential to contaminate stormwater.  Condition S3.A.2 of the Permit requires that the SWPPP include BMPs consistent with approved stormwater technical manuals or document how stormwater BMPs included in the SWPPP are demonstratively equivalent to the practices contained in the approved stormwater technical manuals, including the proper selection, implementation, and maintenance of all applicable and appropriate BMPs.  *See:* Stormwater Management Manual for Western Washington, July 2019, https://fortress.wa.gov/ecy/ezshare/wq/Permits/Flare/2019SWMWW/Content/Resources/DocsForDownload/2019SWMMWW.pdf (current stormwater management manual for Western Washington). Pacific Steel's SWPPP does not comply with these requirements because it does not adequately describe BMPs and does not include BMPs consistent with approved stormwater technical manuals nor does it include BMPs that are demonstratively equivalent to such BMPs with documentation of BMP adequacy.

4.  Pacific Steel's SWPPP fails to satisfy the requirements of Condition S3.B.2 of the Permit because it fails to include a facility assessment as mandated.  The SWPPP fails to include an adequate facility assessment because it does not describe the industrial activities conducted at the site, the general layout of the facility including buildings and storage of raw materials, the flow of goods and materials through the facility, regular business hours and seasonal variations in business hours or in industrial activities as required.

5.  Pacific Steel's SWPPP fails to satisfy the requirements of Condition S3.B.1 of the Permit because it does not include a site map that identifies significant features, the stormwater drainage and discharge structures, the stormwater drainage areas for each stormwater discharge point off-site, a unique identifying number for each discharge point, each sampling location with a unique identifying number, paved areas and buildings, areas of pollutant contact associated with specific industrial activities, conditionally approved non-stormwater discharges, surface water locations, areas of existing and potential soil erosion, vehicle maintenance areas, and lands and waters adjacent to the site that may be helpful in identifying discharge points or drainage routes.

6.  Pacific Steel's SWPPP fails to comply with Condition S3.B.2.b of the Permit because it does not include an inventory of industrial activities that identifies all areas associated with industrial activities that have been or may potentially be sources of pollutants as required.  The SWPPP does not identify all areas associated with loading and unloading of dry bulk materials or liquids, outdoor storage of materials or products, outdoor manufacturing and processing, onsite dust or particulate generating processes, on-site waste treatment, storage, or disposal, vehicle and equipment fueling, maintenance, and/or cleaning, roofs or other surfaces exposed to air emissions from a manufacturing building or a process area, and roofs or other surfaces composed of materials that may be mobilized by stormwater as required by these conditions.

7.  Pacific Steel's SWPPP does not comply with Condition S3.B.2.c of the Permit because it does not include an adequate inventory of materials.  The SWPPP does not include an inventory of materials that lists the types of materials handled at the site that potentially may be exposed to precipitation or runoff and that could result in stormwater pollution, a short narrative for material describing the potential for the pollutants to be present in stormwater discharge that is updated when data becomes available to verify the presence or absence of the pollutants, a narrative description of any potential sources of pollutants from past activities, materials and spills that were previously handled, treated, stored, or disposed of in a manner to allow ongoing exposure to stormwater as required.  The SWPPP does not include the method and location of on-site storage or disposal of

4

such materials and a list of significant spills and significant leaks of toxic or hazardous pollutants as these permit conditions require.

8.  Pacific Steel's SWPPP does not comply with Condition S3.B.3 of the Permit because it does not identify specific individuals by name or title whose responsibilities include SWPPP development, implementation, maintenance and modification.

9.  Condition S3.B.4 of the Permit requires that permittees include in their SWPPPs and implement mandatory BMPs.  Pacific Steel is in violation of this requirement because it has failed to include in its SWPPP and implement the mandatory BMPs of the Permit.

10.  Pacific Steel's SWPPP does not comply with Condition S3.B.4.b.i of the Permit because it does not include required operational source control BMPs in the following categories: good housekeeping (including definition of ongoing maintenance and cleanup of areas that may contribute pollutants to stormwater discharges, and a schedule/frequency for each housekeeping task); preventive maintenance (including BMPs to inspect and maintain stormwater drainage, source controls, treatment systems, and plant equipment and systems, and the schedule/frequency for each task); spill prevention and emergency cleanup plan (including BMPs to prevent spills that can contaminate stormwater, for material handling procedures, storage requirements, cleanup equipment and procedures, and spill logs); employee training (including an overview of what is in the SWPPP, how employees make a difference in complying with the SWPPP, spill response procedures, good housekeeping, maintenance requirements, and material management practices, how training will be conducted, the frequency/schedule of training, and a log of the dates on which specific employees received training); inspections and recordkeeping (including documentation of procedures to ensure compliance with permit requirements for inspections and recordkeeping, identification of personnel who conduct inspections, provision of a tracking or follow-up procedure to ensure that a report is prepared and appropriate action taken in response to visual monitoring, definition of how Pacific Steel will comply with signature and record retention requirements, and certification of compliance with the SWPPP and Permit).

11.  Pacific Steel's SWPPP does not comply with Condition S3.B.4.b.i.7 of the Permit because it does not include measures to identify and eliminate the discharge of process wastewater, domestic wastewater, noncontact cooling water, and other illicit discharges to stormwater sewers, or to surface waters and ground waters of the state.

12.  Pacific Steel's SWPPP does not comply with Condition S3.B.4.b.ii of the Permit because it does not include required structural source control BMPs to minimize the exposure of manufacturing, processing, and material storage areas to rain, snow, snowmelt, and runoff.  Pacific Steel's SWPPP does not comply with Condition S3.B.4.b.iii of the Permit because it does not include treatment BMPs as required.

13.  Pacific Steel's SWPPP fails to comply with Condition S3.B.4.b.v of the Permit because it does not include BMPs to prevent the erosion of soils or other earthen materials and prevent off-site sedimentation and violations of water quality standards.

14.  Pacific Steel's SWPPP fails to satisfy the requirements of Condition S3.B.5 of the Permit because it fails to include a stormwater sampling plan as required.  The SWPPP does not include a sampling plan that: identifies points of discharge to surface waters, storm sewers, or discrete ground water infiltration locations; documents why each discharge point is not sampled; identifies each sampling point by its unique identifying

5

number; identifies staff responsible for conducting stormwater sampling; specifies procedures for sampling collection and handling; specifies procedures for sending samples to the a laboratory; identifies parameters for analysis, holding times and preservatives, laboratory quantization levels, and analytical methods, and that specifies the procedure for submitting the results to Ecology.

## III.    MONITORING AND REPORTING VIOLATIONS

### A.    Failure to Collect Quarterly Samples

Condition S4.B of the Permit requires Pacific Steel to collect a sample of its stormwater discharge once during every calendar quarter.  Condition S4.B.3.a of the Permit requires Pacific Steel to collect stormwater samples at each distinct point of discharge offsite except for substantially identical outfalls, in which case only one of the substantially identical outfalls must be sampled.  These conditions set forth sample collection criteria, but require the collection of a sample even if the criteria cannot be met.  The facility has at least one distinct point of discharge off-site: Outfall 1.

Pacific Steel violated these requirements by failing to collect stormwater samples at any of its discharge points during the fourth quarter of 2021, third quarter of 2022, and second quarter of 2023.

### B.    Failure to Analyze Quarterly Samples

Condition S5.A.1, S5.B, and Table 3 of the Permit requires Pacific Steel to analyze stormwater samples collected quarterly for turbidity, pH, total copper, and total zinc, and total lead.

Pacific Steel violated these conditions by failing to analyze stormwater samples for turbidity in the second quarter of 2021.

### C.    Failure to Timely Submit Discharge Monitoring Reports

Condition S9.B of the Permit requires Pacific Steel to use DMR forms provided or approved by Ecology to summarize, report and submit monitoring data to Ecology.  For each monitoring period (calendar quarter) a DMR must be completed and submitted to Ecology not later than 45 days after the end of the monitoring period. Pacific Steel has violated these conditions by failing to submit a DMR within the time prescribed for the following quarters: fourth quarter of 2020; first, second, third and fourth quarters of 2022, and the first and second quarters of 2023.

### D.    Failure to Comply with Visual Monitoring Requirements

Conditions S7.A and B of the Permit requires that monthly visual inspection be conducted at the facility by qualified personnel.  Each inspection is to include observations made at stormwater sampling locations and areas where stormwater associated with industrial activity is discharged, observations for the presence of floating materials, visible oil sheen, discoloration, turbidity, odor, etc. in the stormwater discharges, observations for the presence of illicit discharges, a verification that the descriptions of potential pollutant sources required by the permit are accurate, a verification that the site map in the SWPPP reflects current conditions, and an assessment of all BMPs that have been implemented (noting the effectiveness of the BMPs

6

inspected, the locations of BMPs that need maintenance, the reason maintenance is needed and a schedule for maintenance, and locations where additional or different BMPs are needed).

Condition S7.C of the Permit requires that Pacific Steel record the results of each inspection in an inspection report or checklist that is maintained on-site and that documents the observations, verifications, and assessments required.  The report/checklist must include the time and date of the inspection, the locations inspected, a statement that, in the judgment of the person conducting the inspection and the responsible corporate officer, the facility is either in compliance or out of compliance with the SWPPP and the Permit, a summary report and schedule of implementation of the remedial actions that Pacific Steel plans to take if the site inspection indicates that the facility is out of compliance, the name, title, signature and certification of the person conducting the facility inspection, and a certification and signature of the responsible corporate officer or a duly authorized representative.

Pacific Steel is in violation of these requirements of Condition S7 of the Permit because, during the last five years, it has failed to conduct each of the requisite visual monitoring and inspections, failed to prepare and maintain the requisite inspection reports or checklists, and failed to make the requisite certifications and summaries.

## IV.    CORRECTIVE ACTION VIOLATIONS

### A.    Violations of the Level One Requirements

Condition S8.B of the Permit requires Pacific Steel to take specified actions, called a "Level One Corrective Action," each time quarterly stormwater sample results exceed a benchmark value or are outside the benchmark range for pH.

As described by Condition S8.B of the Permit, a Level One Corrective Action requires Pacific Steel: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the Permit and contains the correct BMPs from the applicable Stormwater Management Manual; (2) make appropriate revisions to the SWPPP to include additional operational source control BMPs with the goal of achieving the applicable benchmark values in future discharges and sign and certify the revised SWPPP in accordance with Condition S3.A.6 of the Permit; and (3) summarize the Level One Corrective Action in the Annual Report required under Condition S9.B of the Permit.  Condition S8.B.4 of the Permit require Pacific Steel implement the revised SWPPP as soon as possible, and no later than the DMR due date for the quarter the benchmark was exceeded.

Condition S5.A, S5.B, Table 2, and Table 3 of the Permit establishes the following benchmarks: turbidity 25 NTU; pH 5 – 9 SU; total copper 14 mg/L; total zinc 117 µg/L; and total lead 64.6 µg/L.

Pacific Steel has violated the requirements of the Permit described above by failing to conduct a Level One Corrective Action in accordance with permit conditions, including the required review, revision and certification of the SWPPP, the required implementation of additional BMPs, and the required summarization in the annual report each time since November 10, 2020, its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH, including the benchmark excursions listed in Table 1 above.

7

**B.     Violations of the Level Two Requirements**

Condition S8.C of the Permit requires Pacific Steel take specified actions, called a "Level Two Corrective Action," each time quarterly stormwater sample results exceed an applicable benchmark value or are outside the benchmark range for pH for any two quarters during a calendar year.

As described by Condition S8.C of the Permit, a Level Two Corrective Action requires Pacific Steel: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the Permit; (2) make appropriate revisions to the SWPPP to include additional structural source control BMPs with the goal of achieving the applicable benchmark value(s) in future discharges and sign and certify the revised SWPPP in accordance with Condition S3.A.6 of the 2015 Permit and S3.A.5 of the 2020 Permit; and (3) summarize the Level Two Corrective Action (planned or take) in the Annual Report required under Condition S9.B of the 2015 Permit and S9.C of the 2020 Permit.  Condition S8.C.4 of the Permit requires Pacific Steel implement the revised SWPPP according to condition S3 of the Permit and the applicable stormwater management manual as soon as possible, and no later than August 31st of the following year.

The Permit establishes the benchmarks applicable to Pacific Steel described in section IV.A of this notice of intent to sue letter.

Pacific Steel has violated the requirements of the Permit described above by failing to conduct a Level Two Corrective Action in accordance with permit conditions, including the required review, revision and certification of the SWPPP, the required implementation of additional BMPs, including additional structural source control BMPs, and the required summarization in the annual report each time since November 10, 2020, its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH for any two quarters during a calendar year.  As indicated in Table 1 above, these violations include, but are not limited to, Pacific Steel's failure to fulfill these obligations for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2021; and turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2022.

**C.     Violations of the Level Three Requirements**

Condition S8.D of the Permit requires Pacific Steel take specified actions, called a "Level Three Corrective Action," each time quarterly stormwater sample results exceed an applicable benchmark value or are outside the benchmark range for pH for any three quarters during a calendar year.

As described by Condition S8.D of the Permit, a Level Three Corrective Action requires Pacific Steel: (1) review the SWPPP for the facility and ensure that it fully complies with Condition S3 of the Permit: (2) make appropriate revisions to the SWPPP to include additional treatment BMPs with the goal of achieving the applicable benchmark value(s) in future discharges and additional operational and/or structural source control BMPs if necessary for proper function and maintenance of treatment BMPs, and sign and certify the revised SWPPP in accordance with Condition S3.A.6 of the 2015 Permit and S3.A.5 of the 2020 Permit; and (3) summarize the Level Three Corrective Action (planned or take) in the Annual Report required under Condition S9.B of the 2015 Permit and S9.C of the 2020 Permit, including information on how monitoring, assessment, or evaluation information was (or will be) used to determine whether existing treatment BMPs will be modified/enhanced, or it new/additional treatment BMPs will be installed.  Condition S8.D.2 of the Permit requires a licensed professional engineer, geologist, hydrogeologist, of certified professional in storm water

8

quality must design and stamp the portion of the SWPPP that addresses stormwater treatment structures or processes.  *See* Permit Appendix 2 (defining "qualified industrial stormwater professional").

Condition S8.D.3 of the Permit requires that, before installing BMPs that require the site-specific design or sizing of structures, equipment, or processes to collect, convey, treat, reclaim, or dispose of industrial stormwater, the Pacific Steel submit an engineering report, plans, and specifications, and an operations and maintenance manual to Ecology for review in accordance with chapter 173-204 of the Washington Administrative Code.  The engineering report must be submitted no later than the May 15 prior to the Level Three Corrective Action Deadline.  The plans and specifications and the operations and maintenance manual must be submitted to Ecology at least 30 days before construction/installation.

Condition S8.D.5 of the Permit requires Pacific Steel fully implement the revised SWPPP according to condition S3 of the Permit and the applicable stormwater management manual as soon as possible, and no later than September 30th of the following year.

The Permit establishes the benchmarks applicable to Pacific Steel described in section IV.A of this notice of intent to sue letter.

Pacific Steel has violated the requirements of the Permit described above by failing to conduct a Level Three Corrective Action in accordance with permit conditions, including: the required review, revision and certification of the SWPPP; the requirement to have a specified professional design and stamp the portion of the SWPPP pertaining to treatment; the required implementation of additional BMPs, including additional treatment BMPs; the required submission of an engineering report, plans, specifications, and an operations and maintenance plan; and the required summarization in the annual report each time since November 10, 2020 its quarterly stormwater sampling results were greater than a benchmark or outside the benchmark range for pH for any three quarters during a calendar year.  As indicated in Table 1 above, these violations include, but are not limited to, Pacific Steel's failure to fulfill these obligations for turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2021; and turbidity, copper, and lead triggered by its stormwater sampling during calendar year 2022.

## V.    VIOLATIONS OF THE ANNUAL REPORT REQUIREMENTS

Condition  S9.C of the 2020 Permit requires Pacific Steel to submit an accurate and complete annual report to Ecology no later than May 15 of each year.  The annual report must include corrective action documentation as required in Condition S8.B – D of the Permit.  If a corrective action is not yet completed at the time of submission of the annual report, Pacific Steel must describe the status of any outstanding corrective action.  Specific information to be included in the annual report is identification of the conditions triggering the need for corrective action, description of the problem and identification of dates discovered, summary of any Level 1, 2, or 3 corrective actions completed during the previous calendar year, including the dates corrective actions completed, and description of the status of any Level 2 or 3 corrective actions triggered during the previous calendar year, including identification of the date Pacific Steel expects to complete corrective actions.

Pacific Steel has violated this condition. The annual reports submitted by Pacific Steel for the calendar years 2021 and 2022 do not include the required information. Specifically, there is no description of additional operational, structural source control or treatment BMPs Pacific Steel implemented or plans to implement as part of its Level 1, 2 and 3 corrective actions.

9

## VI.    VIOLATIONS OF THE RECORDKEEPING REQUIREMENTS.

### A.    Failure to Record Information

Condition S4.B.3 of the Permit requires Pacific Steel record and retain specified information for each stormwater sample taken, including the sample date and time, a notation describing if Pacific Steel collected the sample within the first 12 hours of stormwater discharge event, an explanation of why Pacific Steel could not collect a sample within the first 12 hours of a stormwater discharge event, the sample location, method of sampling and of preservation, and the individual performing the sampling.  Upon information and belief, Pacific Steel is in violation of these conditions as it has not recorded each of these specified items for each sample taken during the last five years.

### B.    Failure to Retain Records

Condition S9.C of the 2015 Permit and S9.D of the 2020 Permit require Pacific Steel to retain for a minimum of five years a copy of the current Permit, a copy of Pacific Steel's coverage letter, records of all sampling information, inspection reports including required documentation, any other documentation of compliance with permit requirements, all equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory results, copies of all required reports, and records of all data used to complete the application for the Permit.  Upon information and belief, Pacific Steel is in violation of these conditions because it has failed to retain records of such information, reports, and other documentation during the last five years.

## VII.   FAILURE TO REPORT PERMIT VIOLATIONS

Condition S9.E of the 2015 Permit and S9.F of the 2020 Permit require Pacific Steel to take certain actions in the event Pacific Steel is unable to comply with any of the terms and conditions of the Permit which may endanger human health or the environment, or exceed any numeric effluent limitation in the permit.  In such circumstances, Pacific Steel must immediately take action to minimize potential pollution or otherwise stop the noncompliance and correct the problem, and Pacific Steel must immediately notify the appropriate Ecology regional office of the failure to comply.  Pacific Steel must then submit a detailed written report to Ecology, including specified details, within 5 days of the time Pacific Steel became aware of the circumstances unless Ecology requests an earlier submission.

On information and belief, Pacific Steel routinely violates these requirements, including each and every time Pacific Steel exceeded the numeric effluent limitation, as specified in Table 3, above, each and every time Pacific Steel failed to comply with the corrective action requirements described in section IV of this notice of intent to sue, and each and every time Pacific Steel failed to complete Level 3 corrective actions, as described above in Section __.  These violations may endanger human health or the environment.

## VIII.  REQUEST FOR SWPPP

Pursuant to Condition S9.G of the Permit, Soundkeeper hereby requests that Pacific Steel Company, Inc. provide a copy of, or access to, its SWPPP complete with all incorporated plans, monitoring reports, checklists,

and training and inspection logs.  The copy of the SWPPP and any other communications about this request should be directed to the undersigned at the letterhead address.

Should Pacific Steel fail to provide the requested complete copy of, or access to, its SWPPP as required by Condition S9.G of the 2020 Permit, it will be in violation of that condition, which violation shall also be subject to this notice of intent to sue and any ensuing lawsuit.

## IX.   CONCLUSION

The above-described violations reflect those indicated by the information currently available to Soundkeeper.  These violations are ongoing.  Soundkeeper intends to sue for all violations, including those yet to be uncovered and those committed after the date of this Notice of Intent to Sue.

Under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), each of the above-described violations subjects the violator to a penalty of up to $37,500 per day for each violation that occurred through November 2, 2015, and $55,800 per day for each violation that occurred thereafter.  In addition to civil penalties, Soundkeeper will seek injunctive relief to prevent further violations under Sections 505(a) and (d) of the CWA, 33 U.S.C. § 1365(a) and (d), and such other relief as is permitted by law.  Also, Section 505(d) of the CWA, 33 U.S.C. § 1365(d), Permit prevailing parties to recover costs, including attorney's fees.

Soundkeeper believes that this NOTICE OF INTENT TO SUE sufficiently states grounds for filing suit. We intend, at the close of the 60-day notice period, or shortly thereafter, to file a citizen suit against Pacific Steel Company, Inc. under Section 505(a) of the Clean Water Act for violations.

During the 60-day notice period, we would be willing to discuss effective remedies for the violations addressed in this letter and settlement terms.  If you wish to pursue such discussions in the absence of litigation, we suggest that you initiate those discussions within 10 days of receiving this notice so that a meeting can be arranged and so that negotiations may be completed promptly.  We do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

Very truly yours,

Smith & Lowney, PLLC

By: /s/*Alyssa Koepfgen*
Alyssa Koepfgen
Katelyn Kinn

cc:   Michael S. Regan, Administrator, U.S. EPA
Casey Sixkiller, Region 10 Administrator, U.S. EPA
Laura Watson, Director, Washington Department of Ecology
URS Agents Inc, Registered Agent (1780 Blvd SW Tumwater, WA 98512-0410)

11