UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>   Plaintiff,<br><br>   v.<br><br>PACIFIC STEEL GROUP,<br><br>   Defendant. | Case No. 3:23-cv-05960-TMC<br><br>ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE |

## I.   ORDER

Before the Court is the parties' joint motion for entry of their proposed consent decree. Dkt. 23.

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") brought this lawsuit alleging violations of Section 505 of the Clean Water Act, 33 U.S.C. § 1365, et seq., relating to discharges of stormwater and other pollutants from Defendant Pacific Steel Group's ("Pacific Steel's") fabricated structural metal manufacturing facility at 401 E Alexander Avenue, Suite 407, Tacoma, WA 98421. Dkt. 1 ¶¶ 1, 13, 19. Soundkeeper alleges this discharge violated "the terms and conditions of [Pacific Steel's] National Pollutant Discharge Elimination System ('NPDES') permit authorizing certain stormwater discharges of pollutants from Pacific Steel's

facility in Tacoma, Washington to navigable waters." *Id.* ¶ 1, 14–17. Soundkeeper alleges these discharges "contribute[d] to the polluted conditions of the waters of the state, including the water quality standards of the Blair and Hylebos Waterways and Commencement Bay" and "to the ecological impacts that result from the pollution of these waters and to Soundkeeper and its members' injuries resulting therefrom." *Id.* ¶ 24.

To resolve the litigation, Pacific Steel has agreed to entry of the consent decree, under which it will, among other requirements, "make reasonable efforts to adhere to the requirements of the Industrial Stormwater General Permit ('ISGP')" and forward all its submissions and communications made to the Washington Department of Ecology concerning ISGP compliance to Soundkeeper. Dkt. 23-1 ¶ 8–9. Defendants also agree to pay $200,000 to the Puyallup Tribal Fisheries' environmental benefit project, a salmon habitat restoration project within the Commencement Bay watershed, and $72,000 to Soundkeeper to cover its litigation fees, expenses, and costs. *Id.* ¶ 11, 12. The United States received notice of the proposed consent decree as required by 33 U.S.C. § 1365(c)(3) and does not object to its entry. Dkt. 24.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation—over which this Court has federal-

ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE - 2

question jurisdiction—and it furthers the objectives of the Clean Water Act by seeking to ensure that the Defendant complies with federal law. This objective also serves the public interest.

The Court therefore GRANTS the joint, unopposed motion (Dkt. 23) to enter the proposed consent decree (Dkt. 23-1). The consent decree will be entered concurrently with this Order and will serve as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated this 4th day of December, 2024.

Tiffany M. Cartwright
United States District Judge