UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>　　　　Plaintiff,<br>　v.<br><br>PACIFIC STEEL GROUP,<br><br>　　　　Defendant. | Case No. 3:23-cv-05960-TMC<br><br>CONSENT DECREE |

## I.　STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance ("Puget Soundkeeper") filed a complaint on October 24, 2023 (Dkt. 1) against defendant Pacific Steel Group ("Pacific Steel") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from Pacific Steel's fabricated structural metal manufacturing facility at or about 401 E Alexander Avenue, Suite 407, Tacoma, WA 98421 (the "Facility"), and any contiguous or adjacent properties owned or operated by Pacific Steel, to the Blair Waterway (part of Inner Commencement Bay), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

CONSENT DECREE - 1

WHEREAS, Pacific Steel will vacate the Facility and cease operations no later than December 31, 2024.

WHEREAS, Puget Soundkeeper and Pacific Steel agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 7th day of September, 2024

PACIFIC STEEL GROUP                               PUGET SOUNDKEEPER ALLIANCE

By _____                        By _____
David Perkins                                     Sean Dixon
Pacific Steel Group                               Puget Soundkeeper Alliance

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Pacific Steel of the Facility.

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Pacific Steel's payment of attorney's fees and litigation costs set forth in paragraph 12 of the Consent Decree will be in full and complete satisfaction of any claims Puget Soundkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Puget Soundkeeper's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Puget Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Pacific Steel or its contractors, customers, or other third parties. Pacific Steel agrees to the terms and conditions identified below in paragraphs 8-12 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. The effective date of this Consent Decree is the date that it is entered by the Court.

CONSENT DECREE - 3

8. Until such time as Pacific Steel fully vacates the Facility, Pacific Steel will make reasonable efforts to adhere to the requirements of the Industrial Stormwater General Permit ("ISGP") and any successor or modified permits.

9. Until such time as Pacific Steel vacates the Facility, Pacific Steel will, on a quarterly basis, electronically forward to Soundkeeper copies of all submissions and written communications to and/or from Ecology related to Pacific Steel's ISGP coverage for the Facility.

10. No later than seven (7) days after Pacific Steel vacates the Facility, Pacific Steel will apply for a Notice of Termination pursuant to ISGP Condition S13 and will thereafter comply with the requirements of Condition S13 for terminating its coverage.

11. Payment for Environmentally Beneficial Project: Within thirty (30) days of the effective date of this Consent Decree, Pacific Steel will pay $200,000 (TWO HUNDRED THOUSAND DOLLARS) to the Puyallup Tribal Fisheries for use solely for the South Prairie Creek Restoration Project, a salmon habitat restoration project within the Commencement Bay watershed, as described in <u>Exhibit 1</u> to this Consent Decree. The check or ACH payment will be made to the order of Puyallup Tribal Fisheries, and delivered to Puyallup Tribal Fisheries, Attention: Russ Ladley, 6824 Pioneer Way E. Puyallup WA 98371. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper v. Pacific Steel, W.D. Wash. No. 3:23-cv-05960." Pacific Steel will send a copy of the check and cover letter, if any, to Puget Soundkeeper and its counsel, pursuant to the notice provisions in paragraph 21.

12. Within ten (10) days of the effective date of this Consent Decree by the Court,

CONSENT DECREE - 4

Pacific Steel will pay $72,000 (SEVENTY TWO THOUSAND DOLLARS) to Puget Soundkeeper to cover Puget Soundkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

13. A force majeure event is any event outside the reasonable control of Pacific Steel that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Pacific Steel timely notifies Puget Soundkeeper of the event, the steps that Pacific Steel will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

14. Pacific Steel will notify Puget Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Pacific Steel becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which Pacific Steel has no or limited control;

    d. Restraint by court order or order of public authority;

CONSENT DECREE - 5

    e.    Strikes;

    f.    Any permit or other approval sought by Pacific Steel from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Pacific Steel has timely and in good faith sought the permit or approval; and

    g.    Litigation, arbitration, or mediation that causes delay.

15. This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

16. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment

can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Puget Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

17. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates upon Ecology's issuance of a Notice of Termination pursuant to ISGP Condition S13 or upon completion of the terms set forth in paragraphs 8-12 of this Consent Decree, whichever is later.

18. Both Parties have participated in drafting this Consent Decree.

19. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

21. Notifications required by this Consent Decree must be in writing and via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Puget Soundkeeper**:

CONSENT DECREE - 7

Emily Gonzalez
Kelsey Furman
Puget Soundkeeper
emily@pugetsoundkeeper.org
kelsey@pugetsoundkeeper.org

**And to**:

Alyssa Koepfgen
Katelyn Kinn
Smith & Lowney PLLC
katelyn@smithandlowney.com
alyssa@smithandlowney.com

**If to Pacific Steel:**

David Perkins
Pacific Steel Group
d.perkins@pacificsteelgroup.com

/ / /

/ / /

**And to:**

Brian Ledger
Gordon & Rees Scully Mansukhani, LLP
bledger@grsm.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5:00 pm and on a business day, or else it is effective the following business day.

CONSENT DECREE - 8

DATED this 4th day of December, 2024.

_____
TIFFANY M. CARTWRIGHT
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 9

# Exhibit 1

 

# PUYALLUP TRIBE OF INDIANS

September 26, 2024

Katelyn Kinn, Attorney
Smith & Lowney PLLC
2317 E. John St.
Seattle, WA 98112

Via email Katelyn@smithandlowney.com

Re:    Puget Soundkeeper Alliance v. Pacific Steel Group
       W.D.Wa. 3:23-cv-05960-TMC

       South Prairie Creek Habitat Restoration Project

Dear Ms. Kinn:

The Puyallup Tribe of Indians (the "Tribe") would be pleased to accept funds pursuant to the proposed Consent Decree in the above-referenced case settling a dispute relating to discharges of stormwater and other pollutants.

The Tribe agrees to the following:

1. The Tribe is the proposed recipient of the Payment for Environmentally Beneficial Project under Paragraph 11 of the proposed Consent Decree, which we have read.

2. The Tribe is a Federally Recognized Indian Tribe as listed in 88 Fed. Reg. 2112, 2114 (Jan. 12, 2023), Federal Tax I.D. Number 91-0955402. As an Indian tribal government, the Tribe is a tax-exempt entity under the Internal Revenue Code that is treated as a State, including *inter alia* under IRC section 164 and for purposes of determining whether and in what amount any contribution or transfer to or for the use of such government (or a political subdivision thereof) is deductible under IRC section 170 (relating to income tax deduction for charitable, etc., contributions and gifts). *See* 26 U.S.C. § 7871 (Internal Revenue Code).

3. The funds will be used only for the South Prairie Creek Habitat Restoration Project planned for the Puyallup River watershed (see project description, below).

**3009 Portland Avenue, Tacoma, WA 98404  *  Ph: (253) 573-7800  *  Fax: (253) 680-5996**

Katelyn Kinn, Attorney
Smith & Lowney PLLC
September 26, 2024
Page 2

4. The Tribe will not use the funds for political lobbying activities.

5. Once the project is completed, the Tribe will provide the Court, the United States, and the parties in this case a final report describing the work done on the project and showing how the funds were spent.

**Project Description**

This project will restore floodplain connectivity and instream habitat complexity on South Prairie Creek from river mile (RM) 4.5 to 5.0. South Prairie Creek is one of our most productive tributaries in the Puyallup watershed. This project will directly connect and build upon a restoration project constructed in 2020 on the South Prairie Creek Preserve from RM 4.0 to 4.5. The previously constructed project serves as the template for this next project which will: (1) Remove floodplain fill from a former horse track. (2) Excavate side channels to restore a multi-threaded channel network. (3) Install wood structures in the main channel, side channel, and floodplain to increase habitat complexity and floodplain engagement. (4) Restore native riparian and wetland plant communities through revegetation of 30 acres. See Figures 1 and 2, attached.

The floodplain re-connection project is currently under design. Final design and permitting is planned for 2025 with construction in 2026. The Puyallup Tribe Fisheries Department is working with the South Sound Salmon Enhancement Group which is the lead sponsor of the floodplain project.

Sincerely,

Bill Sterud, Chairman
Puyallup Tribe of Indians

Enclosures:
Figures 1 and 2,
South Prairie Creek Habitat Restoration Project



